# EXHIBIT 1

BRIAN SANDOVAL  
*Governor*

STATE OF NEVADA

C.J. MANTHE  
*Director*

BARBARA D. RICHARDSON  
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY  
**DIVISION OF INSURANCE**  
1818 East College Pkwy., Suite 103  
Carson City, Nevada 89706  
(775) 687-0700   •   Fax (775) 687-0787  
Website: doi.nv.gov  
E-mail: insinfo@doi.nv.gov

December 19, 2017

XL Insurance America, Inc.  
Attn: Toni Ann Perkins  
70 Seaview Avenue  
Stamford, CT 06902-2040

RE: Employers Mutual Casualty Company vs. Zurich American Insurance Company, et al.  
District Court, Clark County, Nevada  
Case No. A-17-766003-C; Dept. No. 14

Dear Ms. Perkins:

Enclosed please find the following documents: Summons-Civil, Plaintiff's Complaint for Declaratory Relief, Equitable Contribution, Equitable/Partial/Total Indemnification and Equitable Subrogation, and District Court Civil Cover Sheet. This document has been served upon the Commissioner of Insurance as your attorney for service of process on December 15, 2017.

The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

Please advise if you have any questions regarding this service.

Sincerely,

BARBARA D. RICHARDSON  
Commissioner of Insurance

By: _____  
FELECIA CASCI  
Service of Process Clerk

Enclosures  
c:   Laleaque Grad, Esq.

**PROOF OF SERVICE**

I hereby declare that on this day I served a copy of the Summons-Civil, Plaintiff's Complaint for Declaratory Relief, Equitable Contribution, Equitable/Partial/Total Indemnification and Equitable Subrogation, and District Court Civil Cover Sheet upon the following defendant in the within matter, by mailing true and correct copies thereof, via certified mail, return receipt requested, to the following:

>XL Insurance America, Inc.
>Attn: Toni Ann Perkins
>70 Seaview Avenue
>Stamford, CT 06902-2040
>CERTIFIED MAIL NO. 7017 1070 0000 8962 8800

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 19th day of December, 2017.

*Felecia Casci*
FELECIA CASCI
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE:  Employers Mutual Casualty Company vs. Zurich American Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-17-766003-C; Dept. No. 14

State of Nevada, Division of Insurance
The document on which this certificate is stamped is a full, true and correct copy of the original

Date: 12/19/17  By: *Felecia Casci*

-1-

BRIAN SANDOVAL
*Governor*

STATE OF NEVADA

C.J. MANTHE
*Director*

BARBARA D. RICHARDSON
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF INSURANCE
1818 East College Pkwy., Suite 103
Carson City, Nevada 89706
(775) 687-0700   •   Fax (775) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

December 19, 2017

Laleaque Grad, Esq.
The Grad Law Firm
8275 South Eastern Avenue, Suite 200-352
Las Vegas, NV 89123

RE:   Employers Mutual Casualty Company vs. Zurich American Insurance Company, et al.
       District Court, Clark County, Nevada
       Case No. A-17-766003-C; Dept. No. 14

Dear Laleaque Grad, Esq.:

The Nevada Division of Insurance ("Division") received the service of process documents on December 15, 2017 regarding the above-entitled matter. Service has been completed on XL Insurance America, Inc. this date and enclosed are the following:

1. A copy of the Division's letter to XL Insurance America, Inc., dated December 19, 2017.
2. A certified copy of the Proof of Service dated December 19, 2017.
3. A copy of the paid invoice in the amount of $30.00.

Pursuant to *Nevada Revised Statutes* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

Please advise if you have any questions regarding this service.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By: *[signature]*
FELECIA CASCI
Service of Process Clerk

Enclosures
c:   XL Insurance America, Inc.

Electronically Issued
12/12/2017 10:10 AM



RECEIVED
DEC 1 5 2017
DIVISION OF INSURANCE
STATE OF NEVADA

**SUMM**
Laleaque Grad, Esq.
Nevada Bar No.: 8475
THE GRAD LAW FIRM
8275 South Eastern Avenue
Suite 200-352
Las Vegas, NV  89123
Telephone: (702) 990-8387
Facsimile: (702) 990-8681
Email: lgrad@gradlawfirm.com

Attorneys for Plaintiff **EMPLOYERS MUTUAL CASUALTY COMPANY**

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, an IOWA CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, an ILLINOIS CORPORATION; CATLIN SPECIALTY INSURANCE COMPANY, a DELAWARE CORPORATION; GREENWICH INSURANCE COMPANY, a DELAWARE CORPORATION, XL INSURANCE AMERICA, INC., a DELAWARE CORPORATION and DOES 1 through 250, inclusive,<br><br>Defendants. | Case No.:  A-17-766003-C<br>Dept. No.:  14<br><br>**SUMMONS - CIVIL** |

///

///

///

1

SUMMONS - CIVIL

Case Number: A-17-766003-C

## SUMMONS – CIVIL

**NOTICE YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS, READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S)**: A civil Complaint has been filed by the Plaintiff against you for the relief as set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

   (b) Serve a copy of your response upon the attorney whose name and address as shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

///
///
///
///
///
///
///
///

2

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
CLERK OF THE COURT

By: _____  12/12/2017
Deputy Clerk                                Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155
Sthacey Alvarez

Submitted by:

/s/ Laleaque Grad
Laleaque Grad, Esq.
Nevada Bar No.: 8475
THE GRAD LAW FIRM
8275 South Eastern Avenue
Suite 200-352
Las Vegas, NV 89123
Telephone: (702) 990-8387
Facsimile: (702) 990-8681
Email: lgrad@gradlawfirm.com

3

SUMMONS - CIVIL



DEC 1 5 2017

DIVISION OF INSURANCE
STATE OF NEVADA

Electronically Filed
12/8/2017 4:27 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Laleaque Grad, Esq.
Nevada Bar No.: 8475
THE GRAD LAW FIRM
8275 South Eastern Avenue
Suite 200-352
Las Vegas, NV  89123
Telephone: (702) 990-8387
Facsimile: (702) 990-8681
Email:  lgrad@gradlawfirm.com

Attorneys for Plaintiff **EMPLOYERS MUTUAL CASUALTY COMPANY**

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | Case No.: A-17-766003-C<br>Dept. No.: Department 14 |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION, EQUITABLE/PARTIAL/TOTAL INDEMNIFICATION AND EQUITABLE SUBROGATION** |
| v. | |
| ZURICH AMERICAN INSURANCE COMPANY; CATLIN SPECIALTY INSURANCE COMPANY; GREENWICH INSURANCE COMPANY; XL INSURANCE AMERICA, INC. and DOES 1 through 250, inclusive, | **ARBITRATION EXEMPTION:**<br>1.  **Action for Declaratory Relief**<br>2.  **Action Seeking Equitable Relief**<br>3.  **Damages Exceed $50,000** |
| Defendants. | |

COMES NOW Plaintiff EMPLOYERS MUTUAL CASUALTY COMPANY ("EMC"), by and through its attorney, for claims for relief against Defendants, and each of them, and alleges as follows:

/ / /

/ / /

1

## I.

## PARTIES

1. Plaintiff EMC is now, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Iowa and is duly authorized to do business in the State of Nevada.

2. Defendants ZURICH AMERICAN INSURANCE COMPANY, CATLIN SPECIALTY INSURANCE COMPANY, GREENWICH INSURANCE COMPANY, XL INSURANCE AMERICA, INC., and DOES 1 through 250, inclusive, and each of them, were and are business entities and/or corporations, organized and existing under the laws of one of the States of the United States of America, and are duly licensed and duly authorized to do business in the State of Nevada.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 250, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names and will request leave of court to amend this complaint to show the true names and capacities when the same have been ascertained.

4. Plaintiff is informed and believes and based thereon alleges that each of the Defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to and which proximately caused damages to Plaintiff as hereinafter alleged.

## II.

## JURISDICTION AND VENUE

5. This action for declaratory relief, equitable contribution, equitable/partial/total indemnification and equitable subrogation is brought pursuant to NRS 30, et seq. and the common law. This Court has jurisdiction over this action as each of the Defendants were, at all relevant times, doing business in the State of Nevada including, without limitation, contracting for insurance in the State of Nevada.

## III.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

6. Plaintiff is informed and believes and thereon alleges that Strobel Construction Unlimited ("Strobel") was the general contractor for the construction of the Pro Petroleum Fuel Terminal in Las Vegas, Nevada ("Project").

7. Plaintiff is informed and believes and thereon alleges that the Project consisted of the construction of six above ground fuel storage tanks with an impressed Cathodic Protection System ("CP System") to protect the tanks from corrosion.

8. Plaintiff EMC issued the following commercial general liability insurance policies to Strobel and its parent company of Strobel Starostka Construction LLC relevant to this matter: 3D8-59-18-10 (effective 5/1/09-5/1/10); 3R8-59-18-11 (effective 5/1/10 – 5/1/11); and 3R8-59-18-12 (effective 5/1/11-5/1/12).

9. Plaintiff is informed and believes and thereon alleges that on October 14, 2009, Strobel entered into a subcontract agreement with Corrpro Companies, Inc. ("Corrpro") to design, provide and install the CP System for the protection of the above-ground storage tanks at the Project.

10. Plaintiff is informed and believes and thereon alleges that the subcontract between Strobel and Corrpro required that Corrpro name Strobel as an additional insured under Corrpro's commercial general liability insurance policies as follows:

> *ARTICLE 7. Insurance.* (a) Subcontractor shall obtain and maintain, at all times during the progress of the Work, all insurance policies and coverages required by Contractor, as specified in Exhibit A attached hereto and incorporated herein. Said policies, where applicable shall contain waiver of subrogation rights against the Owner, Contractor, and their respective agents and employees; it being agreed that the Subcontractor hereby releases and waives any such claims against Owner, Contractor, and their respective agents and employees for accidental damage or loss to such improvements on the Project

\* \* \*

3

COMPLAINT

*Where applicable, and as required by Contractor, all such policies of insurance shall designate Owner, Contractor and their respective officers, directors and employees as Additional Insureds thereunder.*

\* \* \*

## EXHIBIT A

## INSURANCE REQUIREMENTS

\* \* \*

**GENERAL LIABILITY: (Each Occurrence):**

| | | |
|---|---|---|
| (1) | Each Occurrence: | $1,000,000 |
| (2) | Personal and Advertising Injury: | $1,000,000 |
| (3) | General Aggregate: | $2,000,000 |
| (4) | Products-Completed Operations Aggregate: | $2,000,000 |
| (5) | Property Damage Liability insurance will provide Explosion, Collapse and Underground coverage where applicable. | |

\* \* \*

**IMPORTANT: (MUST BE INCLUDED ON CERTIFICATE)**
*Strobel Construction Unlimited, Inc. shall be listed as an Additional Insured on a primary and non-contributory basis utilizing CG 2010 and CG2037 07 04.*

\* \* \*

11.  Plaintiff is also informed and believes and thereon alleges that the subcontract between Strobel and Corrpro contains the following indemnity provision:

*ARTICLE 8. Indemnification. (a) To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Contractor and all of its directors, officers, agent and employees from and against all claims, damages, losses, fines, assessments, and costs of suit or defense, including but not limited to attorney's fees and expenses (whether or not litigation be commenced) arising out of or resulting from the performance of the Subcontractor's Work under this Subcontract, provided that any such claim, damage, loss or expense is attributable to bodily injury, sickness, disease, or death, or to injury or to destruction of tangible property (other than the Work itself) including the loss of use resulting therefrom, to the extent caused in whole or in part by any negligent act or omission of the Subcontractor any one directly or indirectly employed by Subcontractor or*

4

*anyone for whose acts Subcontractor may be liable, regardless of whether it is caused in part by a party indemnified hereunder. Such obligations shall not be construed to negate, or abridge, or otherwise reduce any other right or obligation of indemnity which would otherwise exists as to any party or person described in this Article.*

12. Plaintiff is informed and believes and thereon alleges that Defendant ZURICH AMERICAN INSURANCE COMPANY ("Zurich") is a corporation organized and existing under the laws of the State of Illinois with its principal state of business in the State of Illinois. Zurich issued one or more commercial general liability insurance policies to Corrpro, including policy no. GLO 9325917 (7/1/10-7/1/11). Strobel qualifies as an additional insured under the Zurich coverage pursuant to the following endorsement:

*ADDITIONAL INSURED – AUTOMATIC – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION*

\* \* \*

A. *WHO IS INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule above, whom you are required to add as an additional insured on this policy under a written contract or written agreement.*

B. *The insurance provided to the additional insured applies only to "bodily injury", "property damage" or "personal and advertising injury" covered under SECTION I, Coverage A, BODILY INJURY AND PROPERTY DAMAGE LIABILITY and Coverage B, PERSONAL AND ADVERTISING INJURY LIABILITY, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:*

    1. *Your acts or omissions; or*

\* \* \*

F. *For the coverage provided by this endorsement:*

    1. *The following paragraph is added to 4. Other Insurance of SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS, under a. Primary Insurance:*

5

> *This insurance is primary insurance as respects our coverage to the additional insured person or organization, where the written contract or written agreement requires that this insurance be primary and non-contributory. In that event, we will not seek contribution from any other insurance policy available to the additional insured on which the additional insured person or organization is Named Insured.*

\* \* \*

13. Plaintiff is informed and believes and thereon alleges that Defendant CATLIN SPECIALTY INSURANCE COMPANY ("Catlin") is corporation organized under the laws of Delaware with its principal place of business in the State of Connecticut. Catlin issued one or more commercial general liability policies to Corrpro, including policy no. CLG 2030560712 (7/1/11-7/1/12).

14. Plaintiff is informed and believes and thereon alleges that Defendant GREENWICH INSURANCE COMPANY ("Greenwich") is a corporation organized under the laws of Delaware with its principal place of business in the State of Connecticut. Greenwich issued one or more commercial general liability policies to Corrpro, including policy no. CGG 7409109 (7/1/12-7/1/13).

15. Plaintiff is informed and believes and thereon alleges that Defendant XL INSURANCE AMERICA, INC. ("XL Insurance") is a corporation organized under the laws of Delaware with its principal place of business in the State of Connecticut. XL Insurance issued one or more commercial general liability policies to Corrpro, including policy no. CGD 7409262 (7/1/13-7/1/14).

16. Plaintiff is informed and believes and thereon alleges that Strobel qualifies as an additional insured under the Catlin, Greenwich and XL Insurance coverage, pursuant to the following endorsement:

///

///

*ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS
COMPLETED OPERATIONS*

\* \* \*

*Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage", caused in whole or in part, by "your work" at the location designed [sic] and described in the schedule of this endorsement performed for that additional insured and included in the "products-competed operations hazard".*

17. The owner of the Project, Pro Petroleum, alleged that the fuel tanks at the Project were corroding due to defects associated with the CP System. Both Strobel and Corrpro as well as their insurers were notified of Pro Petroleum's claim. The parties participated in a mediation wherein an agreement was made to settle the claims of Pro Petroleum. The settlement was funded by the insurance carriers subject to a reservation of rights regarding reallocation of the amounts paid toward the settlement.

18. Plaintiff EMC paid $783,750.00 in order to accomplish the settlement on behalf of its named insured Strobel.

19. Plaintiff is informed and believes and thereon alleges that Strobel is an additional insured under Defendants' insurance policies and that Defendants should reimburse EMC for the payment EMC made in order to resolve the claims against Strobel which directly stemmed from the work of Defendants' named insured – Corrpro.

20. As a direct consequence of Defendants' actions, Plaintiff EMC has incurred damages in excess of $50,000.00. Plaintiff EMC was required to bring this action to recover the payment on behalf of Strobel and has thereby incurred, and will continue to incur, attorneys' fees.

///
///
///

7

COMPLAINT

## FIRST CLAIM FOR RELIEF

(Declaratory Relief)

(By Plaintiff EMC against all Defendants)

21. Plaintiff re-alleges and incorporates by reference as though as though fully set forth herein, each and every allegation contained in paragraph 1 through 20, inclusive, in this complaint.

22. An actual and justiciable controversy has arisen and now exists between Plaintiff EMC and Defendants concerning their rights and duties under the respective insurance policies described above in that Plaintiff EMC claims that the Defendants, and each of them, had a duty to defend and indemnify Strobel in relation to the Pro Petroleum claim and that Plaintiff EMC is entitled to reimbursement and/or contribution from Defendants, and each of them, for those amounts previously paid by EMC. Plaintiff EMC is informed and believes and based thereon alleges that said Defendants deny owing any reimbursement to EMC. The interests of the parties are adverse and Plaintiff EMC has a legally protectable interest in the controversy and the issues are ripe for judicial determination.

23. As a direct result of the conduct of the Defendants, and each of them, Plaintiff EMC has incurred damages in excess of $50,000.00.

24. Plaintiff EMC desires a judicial determination and declaration of Plaintiff's and Defendants' respective rights and duties owed to Strobel under their respective policies and pursuant to applicable law, and specifically that the Defendants, and each of them, have a duty to reimburse Plaintiff EMC under Defendants' insurance policies which are primary to those of Plaintiff EMC. Plaintiff EMC further desires a judicial determination and declaration of the equitable and legal amount of said reimbursement obligation as well as a declaration that Defendants are required to reimburse Plaintiff EMC herein for its reasonable attorneys fees incurred in this action, and the amount of such attorneys' fees which Plaintiff EMC may recover.

8

COMPLAINT

## SECOND CLAIM FOR RELIEF

(Equitable Contribution)

(By Plaintiff EMC against all Defendants)

25. Plaintiff EMC re-alleges and incorporates by reference as though fully set forth herein, each and every allegation contained in paragraphs 1 through 24 in this complaint.

26. With respect to each Defendant, this claim for equitable contribution is pled in the alternative to the claim for equitable subrogation.

27. Defendants issued primary additional insured coverage to Strobel, but refused to indemnify Strobel in relation to the claims asserted by Pro Petroleum.

28. Because of the conduct of Defendants and each of them, Plaintiff EMC, under a full reservation of rights, was required to defend and indemnify Strobel in relation to Pro Petroleum's claim.

29. Therefore, Defendants should each be required to reimburse Plaintiff EMC for the cost of resolving Pro Petroleum's claims against Strobel.

30. As a direct consequence of Defendants' and each of their wrongful refusal and failure to provide coverage to Strobel, Plaintiff EMC has incurred damages in excess of $50,000.00. As a further direct consequence of Defendants' and each of their wrongful refusal and failure to provide coverage to Strobel, Plaintiff EMC was required to bring this recovery action and has thereby incurred, and will continue to incur, attorneys fees.

## THIRD CLAIM FOR RELIEF

(Equitable/Partial/Total Indemnification)

(By Plaintiff EMC against all Defendants)

31. Plaintiff EMC re-alleges and incorporates by reference as though fully set forth herein, each and every allegation contained in paragraphs 1 through 30, inclusive, in this complaint.

32. Plaintiff EMC is informed and believes and thereon alleges that the Defendants, and each of them, owe reimbursement for the amount paid by Plaintiff EMC to resolve Pro Petroleum's claims against Strobel pursuant to principles of equitable/partial/total indemnity.

33. As a direct consequence of Defendants' and each of their wrongful refusal and failure to indemnify Strobel, Plaintiff EMC has incurred damages in excess of $50,000.00. As a further direct consequence of Defendants' actions, Plaintiff EMC was required to bring this action and will continue to incur attorneys' fees.

## FOURTH CLAIM FOR RELIEF

(Equitable Subrogation)

(By Plaintiff EMC against Defendants)

34. Plaintiff EMC re-alleges and incorporates by reference as though fully set forth herein, each and every allegation contained in paragraphs 1 through 33, inclusive, in this complaint.

35. As to each Defendant, this claim for equitable subrogation is pled in the alternative to the claim for equitable contribution.

36. Plaintiff EMC is informed and believes and based thereon alleges that Defendants and each of them were legally required and primarily obligated to defend and indemnify Strobel in relation to Pro Petroleum's claims according to the indemnity and insurance provisions found in the subcontract between Strobel and Corrpro and/or according to the Defendants' respective policies of commercial general liability insurance naming Strobel as an additional insured.

37. Because of Defendants' and each of their failure to pay for Strobel's indemnification, Plaintiff EMC was forced to incur the cost of resolving Pro Petroleum's claims against Strobel pursuant to the reservation of rights.

38. Justice requires that Plaintiff EMC's payment be entirely shifted to the Defendants and each of them who are primarily responsible for payment of the same

pursuant to the Defendants' respective policies of commercial general liability insurance naming Strobel as an additional insured.

39. As a direct consequence of Defendants' and each of their wrongful refusal and failure to indemnify Strobel, Plaintiff EMC has incurred damages in excess of $50,000.00. As a further direct consequence of Defendants' actions, Plaintiff EMC was required to bring this recovery action and will continue to incur, attorneys' fees.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. A judicial determination of each Defendant's duty to defend and indemnify and the equitable and legal amount owed to Plaintiff EMC by each Defendant.

2. A judicial determination of the contribution as among Defendants and Plaintiff EMC.

3. A judicial determination of the equitable indemnity as among Defendants and Plaintiff EMC.

4. A judicial determination of the equitable subrogation as among Defendants and Plaintiff EMC.

5. For damages against Defendants in an amount in excess of $50,000.00.

6. For such other and further relief as the court deems proper including, but not limited to, attorneys' fees, costs, investigation fees and interest.

DATED: December 8, 2017           THE GRAD LAW FIRM

/s/ *Laleaque Grad*

Laleaque Grad, Esq.
Nevada Bar No.: 8475
8275 South Eastern Avenue
Suite 200-352
Las Vegas, NV 89123
Telephone: (702) 990-8387
Email: lgrad@gradlawfirm.com

11

COMPLAINT



# DISTRICT COURT CIVIL COVER SHEET
## Clark County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

A-17-766003-C

Department 14

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Employers Mutual Casualty Company | Zurich American Insurance Company; |
| 717 Mulberry | Catlin Specialty Insurance Company |
| Des Moines, IA 50309 | Greenwich Insurance Comany |
| 515-280-2511 | XL Insurance America, Inc. |
| **Attorney (name/address/phone):** | **Attorney (name/address/phone):** |
| Laleaque Grad (NV Bar No. 8475) | |
| 8275 South Eastern Ave, Suite 200 | |
| Las Vegas, NV 89123 | |
| (702) 990-8387 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | | Torts | |
|---|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** | |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability | |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct | |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort | |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort | |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort | |
| **Other Real Property** | ☐ Legal | | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | | |
| ☐ Other Real Property | ☐ Other Malpractice | | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☒ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing | |
|---|---|---|---|
| **Civil Writ** | | **Other Civil Filing** | |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim | |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment | |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters | |

*Business Court filings should be filed using the Business Court civil coversheet.*

12-8-17
Date

Signature of initiating party or representative

*See other side for family-related case filings.*

Nevada AOC - Research Statistics Unit
Pursuant to NRS 3.275

Case Number: A-17-766003-C