Laleaque Grad, Esq.
Nevada Bar No.: 8475
THE GRAD LAW FIRM
8275 South Eastern Avenue
Suite 200-352
Las Vegas, NV 89123
Telephone: (702) 990-8387
Facsimile: (702) 990-8681
Email: lgrad@gradlawfirm.com

Attorney for Plaintiff and Counter-Defnedant
EMPLOYERS MUTUAL CASUALTY COMPANY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY,<br><br>Plaintiff,<br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY; CATLIN SPECIALTY INSURANCE COMPANY; GREENWICH INSURANCE COMPANY, XL INSURANCE AMERICA, INC. and DOES 1 through 250, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-00089-JCM-PAL<br><br>**STIPULATION AND PROTECTIVE ORDER** |

Plaintiff and Counter-Defendant Employers Mutual Casualty Company ("EMC"), Defendant, Counter-Claimant and Cross-Claimant Zurich American Insurance Company ("Zurich"), and Defendants and Cross-Defendants Catlin Specialty Insurance Company, Greenwich Insurance Company and XL Insurance America, Inc. (collectively "Catlin/XL") by and between their respective counsel, hereby stipulate as follows:

1. The following definitions shall apply to this Protective Order:

/ / /

/ / /

1

---

STIPULATION AND PROTECTIVE ORDER 2:18-cv-00089-JCM-PAL

DM1\8787139.2

1.1     "Action" refers to the above-captioned action entitled <u>Employers Mutual Insurance Company v. Zurich American Insurance Company, et al.,</u> Case No. 2:18-cv-00089, which is pending in the Untited States District Court for the District of Nevada.

1.2     "Underlying Claim" shall mean the claims asserted by Pro Petroleum, Inc. against Strobel Construction Unlimited and/or Corrpro Companies, Inc. regarding the construction of the fuel storage tank facility, including the Cathodic Protection System, located at 4985 Sloan Drive in Las Vegas, Nevada.

1.3     "Confidential Information" shall mean: (1) information pertaining to the the Underlying Claim that are protected by one or more privileges, including but not limited, the attorney-client privilege, the attorney work product doctrine and/or the mediation privilege; (2) non-public insider information, personnel files, financial information, confidential commercial information, proprietary information, or other confidential or sensitive information which the producing party determines in good faith should be kept confidential; and (3) information that the producing party is under a duty to preserve as confidential under an agreement with or obligation to another. All Confidential Information produced pursuant to this Order shall be labeled "CONFIDENTIAL" by the producing party.

2.     All Confidential Information produced by any party in this Action shall be used only for purposes of the prosecution, defense or settlement of this Action and on appeal, if any, and for no other purpose whatsoever. No Confidential Information shall be produced to or information therein disclosed to any party in this Action unless that party's counsel agrees to this Order.

3.     Except as set forth herein, the parties in this Action shall maintain the Confidential Information, all copies thereof, and any summaries, copies, abstracts, charts or notes made therefrom, and any facts or information contained therein or derived in whole or in part therefrom, in the strictest confidence. The parties in this Action may disclose the Confidential Information only to the Court and its personnel and/or to:

3.1     Counsel for the parties hereto and their agents;

2

3.2     Employees, paralegal assistants, or other secretarial and clerical employees or agents of such counsel;

3.3     Outside experts, consultants, and other independent contractors (and their employees or clerical assistants) who are employed, retained or otherwise contacted or consulted by the party to assist in any way in the preparation and trial of this Action and/or settlement;

3.4     Persons who are being prepared by counsel to give testimony at a deposition, or deponents and their counsel;

3.5     Stenographic reporters who are involved in depositions, the trial, or any hearings or proceedings before the Court in this Action;

3.6     Witnesses at the trial of this Action;

3.7     A party, or an officer, director, employee, claims administrator, in-house counsel, or other representative for a party, or a party's affiliate, subsidiary, parent company, successor, reinsurer or auditor, provided any such person to whom Confidential Information is provided has a legitimate, good faith reason for viewing the Confidential Information;

3.8     Administrative and regulatory bodies and others, as required by law; and

3.9     Any person that the parties stipulate in writing may be given Confidential Information.

4.     Confidential Information may be disclosed to persons listed in subparagraphs 3.1 to 3.9 of this Order only after such person has been shown a copy of this Order, and has been advised of the terms and operation of this Order, and agrees to be bound by the terms of this Order.  All persons who obtain Confidential Information pursuant to Paragraph 3 of this Order shall be prohibited from disclosing any Confidential Information to anyone except as permitted by further order of this Court or written agreement of all counsel. Except as provided above, the persons described in Paragraphs 3.3, 3.4 and 3.6 of this Order shall have access to Confidential Information only after having been made aware of the provisions of this Order and having acknowledged their assent to be bound by executing and delivering a copy of the

3

STIPULATION AND PROTECTIVE ORDER                                           2:18-cv-00089-JCM-PAL

DM1\8787139.2

"Agreement to Maintain Confidentiality" (attached as Exhibit "A" to this Order), or so stating under oath and on the record.

5. All objections as to the admissibility of evidence of the Confidential Information subject to this Order are reserved and are not waived by any terms of this Order.

6. With respect to the presentation of any Confidential Information to the Court in connection with any proceeding, the party presenting the Confidential Agreement shall request to that court that it be filed under seal.

7. If at any time any document or information protected by this Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall give written notice thereof to the party who produced the pertinent Confidential Information within five (5) court days of the date of the subpoena or other formal request. The party to whom the subpoena or other request is directed shall have the responsibility for obtaining any order necessary to prevent disclosure of the Confidential Information.

8. This Order shall apply to this Action and to all parties to this Action, including parties that have not yet appeared and later appear in this Action. This Order shall apply to all the pre-trial activity in this matter, including, but not necessarily limited to, discovery, mediation, consultation with consultants or experts, preparation for trial and/or settlement of this Action.

9. The termination of proceedings in this Action shall not relieve the parties or non- parties and/or third-parties from the obligation of maintaining the confidentiality of all Confidential Information produced and designated pursuant to this Order, unless the Court orders or permits otherwise. Upon the final disposition of this Action, including the completion or running of time for any available appeals, the attorneys for the parties and all non-parties and/or third-parties shall destroy all Confidential Information or shall keep such Confidential

4

| | | |
|---|---|---|
| 1 | Information in a manner that the Confidential Information will not be improperly disclosed. | |
| 2 | This Court shall retain jurisdiction to enforce this Order. | |

Dated: June 20, 2018						Dated: June 20, 2018

THE GRAD LAW FIRM					DUANE MORRIS LLP

By:	*Laleaque Grad*					By:	*Tyson E. Hafen*
	Laleaque Grad						Tyson E. Hafen

Attorney for Plaintiff/Counter-Defendant		Attorneys for Defendants/Cross-Defendants
EMPLOYERS MUTUAL CASUALTY			CATLIN SPECIALTY INSURANCE
COMPANY						COMPANY, GREENWICH INSURANCE
							COMPANY, and XL INSURANCE
							AMERICA, INC.

Dated: June 20, 2018

MORALES, FIERRO & REEVES

By:	*Ramiro Morales*
	Ramiro Morales

Attorneys for Defendant/Counter-Claimant/Cross-Claimant ZURICH AMERICAN INSURANCE COMPANY

**ORDER**

IT IS SO ORDERED:

DATED: July 12, 2018				_____
						UNITED STATES MAGISTRATE JUDGE

# Exhibit A

# To Stipulation and Protective Order

# Agreement to Maintain Confidentiality

I, _____, hereby acknowledge that I am about to receive Confidential Information supplied in connection with the litigation entitled entitled <u>Employers Mutual Insurance Company v. Zurich American Insurance Company, et al., Case No. 2:18-cv-00089</u>. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order (the "Order") in this action. I have been given a copy of the Order, have read the Order, and agree to be bound by its terms. I understand that the Confidential Information as defined in the Order and labeled "CONFIDENTIAL," or any notes, summaries, abstracts, copies or other records that may be derived therefrom or made regarding any such materials, shall not be disclosed to any persons except as permitted by the Order. I further agree that the United States District Court for the District of Nevada has jurisdiction to enforce the terms of the Stipulation and Protective Order, and I consent to jurisdiction of the United States District Court for the District of Nevada.

DATED:_____         Signature: _____

                             Print Name: _____